[Cite as *Arega v. Coleman*, 2015-Ohio-5242.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tizazu F. Arega et al., | : | |
| Plaintiffs-Appellants, | : | No. 15AP-629 |
| | | (C.P.C. No. 15CV-2852) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Michael B. Coleman et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on December 15, 2015

*Tizazu F. Arega*, pro se.

*Richard C. Pfeiffer, Jr.*, City Attorney, and *Westley M. Phillips*, for appellees Michael B. Coleman, Kimberley Jacobs, and Jason Sprague.

*Ron O'Brien*, Prosecuting Attorney, and *Jesse W. Armstrong*, for appellee Zach Scott.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant Tizazu F. Arega appeals from two orders of the Franklin County Court of Common Pleas dismissing his civil action against four named individual defendants, all of whom are elected officials or local government employees.

I. Facts and Procedural History

{¶ 2} Arega initiated this action with a complaint stating claims in "fraud, professional tort, negligent tort, duty and/or contract, negligent, civil right and intentional infliction of emotional distresses." (Sic passim.) (Complaint, 1.) Arega also names his minor daughter as a plaintiff, although subsequent pleadings by the parties do

not specifically address her status or claims. The identified named defendants are Michael B. Coleman, now former mayor of the city of Columbus; Kimberley Jacobs, Columbus chief of police; Jason Sprague, a detective with the Columbus Division of Police; and Zach Scott, Franklin County sheriff. The complaint also names an unidentified "John Doe" defendant, described only as a Franklin County sheriff's deputy.[1] The claims reflect Arega's allegations of misconduct, fraud, or negligence by the defendants in connection with Arega's arrest, trial, and criminal conviction for rape.

{¶ 3} The facts of Arega's criminal conviction are procedurally pertinent here and we will briefly recount them. On March 1, 2011, a Franklin County grand jury indicted Arega on two counts of rape and one count of sexual battery. The charges arose from accusations brought by a patient at a nursing and rehabilitation facility where Arega worked as a nursing assistant. The victim was a legally blind female who was partially immobilized by a severe leg injury, and the conduct giving rise to the charges took place on September 1, 2010. Arega's jury trial began on January 30, 2012, and, on February 3, 2012, the jury returned guilty verdicts on the sexual battery charge and one count of rape. On March 1, 2012, the trial court sentenced Arega to nine years' imprisonment with accompanying sex-offender registration requirements.

{¶ 4} Arega then filed his direct criminal appeal to this court. In that appeal, we reversed only the sexual battery conviction, affirmed the rape conviction, and determined that no modification of sentence was necessary. *State v. Arega*, 10th Dist. No. 12AP-263, 2012-Ohio-5774. Arega filed a subsequent application to reopen his appeal based on ineffective assistance of trial counsel, which we denied. *State v. Arega*, 10th Dist. No. 12AP-263 (June 10, 2014) (memorandum decision).

{¶ 5} Arega then filed a petition in this court on January 7, 2015, seeking a writ of procedendo to compel the respondent, a judge of the Franklin County Court of Common Pleas, to act on a pending motion in the criminal case. We later dismissed the petition at Arega's request. *State ex rel. Arega v. Brown*, 10th Dist. No. 15AP-7 (Apr. 2, 2015) (journal entry of dismissal).

---

[1] The record indicates that Arega never amended the complaint to identify and serve the latter, pursuant to Civ.R. 15(D), and that the action was therefore never perfected as to this unidentified defendant. *See generally*, *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St. 3d 324, 2008-Ohio-3921.

{¶ 6} Arega filed his civil complaint in the present matter on April 2, 2015. Defendants Coleman, Jacobs, and Sprague filed their motion to dismiss the complaint on April 20, 2015. Arega did not file a response. The trial court granted the motion on May 20, 2015, on the sole stated basis that the complaint was filed outside of the applicable two-year statute of limitations, based on the fact that Arega filed his complaint more than two years after the termination of his criminal proceedings containing the alleged tortious conduct. Defendant Scott filed his motion to dismiss on May 6, 2015, again without response from Arega. The trial court granted this motion on June 3, 2015, also on statute of limitations grounds. This last entry terminated the matter as to all defendants and created the final appealable order in the case.

## II. Assignments of Error

{¶ 7} Arega brings the following "propositions of law" on appeal, which we interpret as assignments of error in compliance with App.R. 16(A)(3):

> [1.] Appellants contend that the trial court erred in failing to rule fraud perpetuated by defendants-appellees Det. Sprague et al., and in this case unconstitutional and the evidences adduced to support that claims.
>
> [2.] Appellant contends that the trial cour erred in granting motion to dismiss for defendant-appellees Det. Sprague and in failing to apply the discovery rule so as to render his claims timely.
>
> [3.] Appellant contend that the trial court erred in failing to apply the R.C. 2744.03(A)(6)(A) and (B) that removes appellees' immunity.

(Sic passim.)

## III. Discussion

{¶ 8} Before addressing the assignments of error, we note that Arega has not raised any argument on appeal regarding the status of his minor daughter in the case, nor do the trial court's orders specifically mention her claims in its disposition of the case. We nonetheless find that the daughter's claims were properly dismissed. Aside from any questions regarding Arega's standing as a pro se, non-attorney litigant to bring an action on his daughter's behalf, we find that the complaint does not sufficiently articulate claim

or cause of action specific to the daughter. If no cause of action is sufficiently stated on behalf of a given plaintiff, then she inevitably can prove no set of facts entitling her to relief, and the complaint must be dismissed as to her under Civ.R. 12(B)(6). *Adams v. Midtown Obstetrics & Gynecology, Inc.*, 10th Dist. No. 08AP-737, 2009-Ohio-1564.

{¶ 9} Turning to Arega's assignments of error addressing his own claims, the first two of these assert that the trial court erred in various ways when applying the statute of limitations. In his third assignment of error, Arega argues that the court failed to apply R.C. 2744.03(A)(6)(c) to consider whether the individual defendants had forfeited their statutory immunity as employees of a political subdivision.

{¶ 10} However, we do not reach the issues raised because we find that an additional ground argued before the trial court mandates dismissal of the case, even though that additional ground was not relied on by the trial court. As defendants reiterate on appeal, Arega has failed to comply with statutory requirements for inmates filing a civil action against government entities or employees. R.C. 2969.25(A) provides in relevant part:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.

{¶ 11} "Compliance with R.C. 2969.25(A) is mandatory and failure to comply subjects an inmate's action to dismissal." *State ex rel. Morris v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 05AP-596, 2005-Ohio-6306, ¶ 6, citing *State ex rel. Graham v. Findlay Mun. Court,* 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6, and *State ex rel. Norris v. Giavasis,* 100 Ohio St.3d 371, 2003-Ohio-6609, ¶ 4. If Arega had in fact filed no civil actions in the five preceding years, the R.C. 2969.25(A) affidavit would not be required. *State ex rel. Wickensimer v. Bartleson*, 123 Ohio St.3d 154, 2009-Ohio-4695. But Arega did file such an action when he brought his petition for a writ of procedendo in 2015. *Arega*, 10th Dist. No. 15AP-7.

{¶ 12} In sum, the record in this case confirms that Arega failed to file his R.C. 2969.25(A) affidavit when he was required to do so. On this basis alone, the trial court could and should have dismissed Arega's complaint. *Billiter v. Banks*, 10th Dist. No.

13AP-759, 2014-Ohio-1492, ¶ 15-16. Nor does Arega's status as a pro se litigant entitle him to dispensation from statutory requirements. "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001).

{¶ 13} We accordingly hold that the trial court did not err in dismissing Arega's complaint and render moot his three assignments of error. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.