[Cite as *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-368.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Javier H. Armengau, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1070 |
| Ohio Department of Rehabilitation and Correction, Warden, Allen Correctional Institution, and Mike DeWine, | : | (REGULAR CALENDAR) |
| | : | |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on January 31, 2017

*Javier H. Armengau,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

BRUNNER, J.

{¶ 1} Relator, Javier H. Armengau, has filed this original action requesting that this Court issue a writ of mandamus ordering respondents, Ohio Department of Rehabilitation and Correction ("ODRC"), the Warden of Allen Correctional Institution ("the warden"), and Ohio Attorney General Mike DeWine, to deliver to him the public records which he alleges were forwarded to him by the Ohio Secretary of State.

{¶ 2} We referred this matter to a magistrate of this Court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that

this Court sua sponte dismiss this action for the reasons that Armengau has failed to comply with the mandatory requirements of R.C. 2969.25(C).

{¶ 3} This Court finds that Armengau's affidavit of indigency does not meet the mandatory requirements of R.C. 2969.25(C) and is deficient as a matter of law. As a result, we dismiss his petition for a writ of mandamus for lack of jurisdiction.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 4} Armengau is an inmate incarcerated at Allen Oakwood Correctional Institution. On November 24, 2015, he filed this mandamus action against the named respondents. He contemporaneously filed with his petition a motion for permission to proceed in forma pauperis, asserting indigency and seeking permission to proceed without paying the filing fee. He submitted with his petition two affidavits: (1) an affidavit of prior civil action filings mandated by R.C. 2969.25(A); and (2) an affidavit of indigency mandated by R.C. 2969.25(C). He attached to his affidavit of indigency the statement of his inmate account balance for the six months prior to the filing of this action, in accordance with R.C. 2969.25(C)(1). His affidavit of indigency is silent, however, with respect to a statement of all other cash or things of value which he owns, as required by R.C. 2969.25(C)(2).

{¶ 5} On December 21, 2015, the magistrate issued a decision recommending that this Court dismiss Armengau's petition sua sponte for failure to comply with the mandatory requirements of R.C. 2969.25(C)(2).

{¶ 6} On December 22, 2015, ODRC and the warden jointly filed a motion to dismiss Armengau's petition for mandamus for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted. On December 28, 2015, Attorney General DeWine filed a motion seeking to be dismissed from this action.

{¶ 7} On January 8, 2016, Armengau filed a memoranda contra respondents' December 22, 2015 motion to dismiss. He also filed on that date his objections to the magistrate's decision.

{¶ 8} Also on January 8, 2016, this Court placed the following journal entry on the record of this matter:

> On December 22, 2015, Magistrate Bisca issued a decision recommending that this action be dismissed. Accordingly, respondents' December 22, 2015 and December 28, 2015

> motions to dismiss shall be submitted to the court at such time as the court reviews and addresses the decision of the magistrate.

(Jan. 8, 2016 Journal Entry.)

## II. OBJECTIONS TO MAGISTRATE'S DECISION

{¶ 9} Armengau's objections to the magistrate's decision contains the following two headings:

> I. Magistrate's reference to relator being convicted and in prison and having been a succesful [sic] attorney.

> II. Magistrate's opinion that relator may have other assets due to his pursuit of bond.

## III.  LAW AND DISCUSSION

{¶ 10} An inmate who files a civil action or appeal against a government entity or employee and seeks a waiver of the prepayment of the court's full filing fees is required to file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the filing fees and an affidavit of indigency.  The affidavit of indigency must contain all the following: (1) a certified statement of the balance in the inmate's prison account for each of the six months preceding the filing of the action or appeal; and (2) a statement of all other cash and things of value owned by the inmate at the time the inmate files the action or appeal. R.C. 2969.25(C).

{¶ 11} While Armengau has provided a certified cashier statement of his inmate account that complies with the requirements of R.C. 2969.25(C)(1), he has not provided a statement of all other cash and things of value that he owns, as required by R.C. 2965.25(C)(2).  Rather, his affidavit is silent in this regard.

{¶ 12} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).  This deficiency cannot be cured at a later date.  Dismissal of the complaint is warranted.

{¶ 13} Finding that Armengau has failed to satisfy all the mandatory statutory requirements of R.C. 2969.25(C), we dismiss his complaint for lack of jurisdiction.

## IV.  CONCLUSION

{¶ 14} Having conducted an independent review of the record in this matter, this Court adopts in part the magistrate's decision, including the findings of fact and conclusions of law contained therein, other than the magistrate's findings that relate to Armengau's former profession and whether he had assets based on his prior motion for bond.  In accordance with the magistrate's recommendation, we sua sponte dismiss Armengau's original action.

{¶ 15} Further, with respect to this Court's journal entry of January 8, 2016, this Court now considers respondents' December 22 and 28, 2015 motions to dismiss. Because this Court dismisses Armengau's petition, the respondents' motions are moot.

*Complaint for writ of mandamus dismissed sua sponte;*
*Respondents' motions to dismiss mooted.*


BROWN and KLATT, JJ., concur.
_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Javier H. Armengau, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1070 |
| Ohio Department of Rehabilitation and Correction, Warden, Allen Correctional Institution, and Mike DeWine, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 21, 2015

*Javier H. Armengau,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 16} Relator, Javier H. Armengau, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), the Warden of Allen Correctional Institution, and Mike DeWine, as the Attorney General of Ohio to deliver to relator the public records which he alleges have been forwarded to him by the secretary of state.

<u>Findings of Fact:</u>

{¶ 17} 1. Relator is an inmate currently incarcerated at Allen Oakwood Correctional Institution.

{¶ 18} 2. On November 24, 2015, relator filed this mandamus action against the named respondents.

{¶ 19} 3. Relator has filed an affidavit of indigency and has attached thereto the statement of his inmate account balance for the preceding six months prior to the filing of this action.  Relator has not provided a statement of all other cash or things of value which he owns as required by R.C. 2969.25(C).

{¶ 20} 4. Relator has filed the prior actions affidavit as required by R.C. 2969.25(A).

Conclusions of Law:

{¶ 21} For the reasons that follow, this magistrate recommends that this court sua sponte dismiss this mandamus action.

{¶ 22} First, relator has not paid filing fees, nor has he fulfilled the requirements in R.C. 2969.25 for payment of fees from his inmate account in installments.  In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1]  Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on the grounds of indigency must file an affidavit that includes: (1) a statement of the amount in his inmate account for each of the preceding six months as certified by the institutional cashier; and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 23} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action.  *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 24} While relator has filed a cashier statement which complies with the requirements of R.C. 2969.25(C), relator has not filed a statement of all other cash and things of value which he owns.  Relator was a successful defense attorney prior to his convictions in June 2014 and subsequent incarceration.  According to his complaint, he

---

[1]Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars.  Following that payment, all income in the inmate's account (excluding the $10) is forwarded to the clerk each month until the fees are paid.

asked that he be released on bond pending this court's decision regarding his appeal; however, that request was denied. To the extent that relator had the resources necessary to post bond when he made that request, it is reasonable to conclude that he has cash or other things of value which should be identified with his filing.

{¶ 25} Compliance with all the provisions of R.C. 2969.25(C) is mandatory and the failure to satisfy those statutory requirements constitutes grounds for dismissal of the action. Because relator cannot cure this deficiency at a later date, dismissal of the complaint is warranted.

{¶ 26} Finding that relator has failed to comply with the mandatory requirements of R.C. 2969.25(C), the magistrate recommends the court dismiss his mandamus action.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).