[Cite as *State ex rel. Parker Bey v. Ohio Bur. of Sentence Computation*, 2021-Ohio-70.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Vincent El Alan Parker Bey, | : | |
| Relator, | : | |
| v. | : | No. 19AP-46 |
| [Ohio] Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |
| State ex rel. Vincent El Alan Parker Bey, | : | |
| Relator, | : | |
| v. | : | No. 19AP-534 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on January 14, 2021

*Vincent El Alan Parker Bey,* pro se.

*Dave Yost,* Attorney General, and *Christina E. Mahy,* for respondent Bureau of Sentence Computation.

*Dave Yost,* Attorney General, and *Zachary S. O'Driscoll,* for respondent Ohio Adult Parole Authority.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} Relator, Vincent El Alan Parker Bey, brings these original consolidated actions seeking writs of mandamus to compel respondents, Ohio Bureau of Sentencing Computation ("BOSC") and the Ohio Adult Parole Authority ("OAPA") to provide him with certain public records which he requested pursuant to R.C. 149.43(B).

{¶ 2} This court referred these matters to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate considered the actions and issued a decision that includes findings of fact and conclusions of law, which is appended hereto. The magistrate determined that relator's failure to comply with the provisions of R.C. 2969.25 constitutes grounds for dismissal of the actions and has recommended that this court grant the motion to dismiss filed in case No. 19AP-534 and deny the request for a writ of mandamus in case No. 19AP-46.

{¶ 3} Relator has filed objections to the magistrate's decision. Because relator has filed objections, we must independently review the record and the magistrate's decision to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Having reviewed the record and the magistrate's decision pertaining to same and finding no error on the part of the magistrate in her determinations of the facts, we hereby adopt the magistrate's findings of fact in their entirety. Furthermore, for the reasons that follow, we overrule relator's objections to the magistrate's conclusions of law and adopt the magistrate's decision as our own, with modification as explained below.

{¶ 4} We begin by observing the Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to

perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983). The burden is on relator to establish all three elements by clear and convincing evidence. *State ex rel. Mars Urban Solutions, L.L.C v. Cuyahoga Cty. Fiscal Officer*, 155 Ohio St.3d 316, 2018-Ohio-4668, ¶ 6.

{¶ 5} Mandamus is the proper vehicle to compel compliance with a public records request made pursuant to R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Comm. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.,* 108 Ohio St.3d 288, 2006-Ohio-903. R.C. 149.43 must be construed liberally in favor of broad access, and any doubt must be resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374 (1996). Nevertheless, a writ of mandamus will not lie to compel an act that has already been performed. *State ex rel. Lee v. Montgomery*, 88 Ohio St.3d 233, 237 (2000), citing *State ex rel. Crim v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 38 (1999). Thus, in general, a public records mandamus case becomes moot when the governmental entity or employee provides the records requested by a relator. *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, ¶ 7, citing *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, ¶ 43.

{¶ 6} When an inmate files a civil action or appeal against a government entity or employee, the inmate must file an affidavit of prior actions pursuant to R.C. 2969.25(A). R.C. 2969.25(A) provides that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the

inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25 (A)(1) through (4).

{¶ 7} The Supreme Court has consistently held that R.C. 2969.25 requires strict compliance. *State ex rel. Ware v. Walsh,* ____Ohio St.3rd.____, ¶ 2 (slip opinion), citing *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6; *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Instead, " '[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.' " *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5, quoting *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5; (" 'the failure to comply with R.C. 2969.25 requires dismissal of the action' "), *State ex rel.*

*Taylor v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-132, 2016-Ohio-7136, ¶ 4, quoting

*State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871,

¶ 4.

{¶ 8} Nor can failure to comply with R.C. 2969.25 be cured at a later date. *State*

*ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 ("a belated attempt to file

an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua*

*v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *State ex rel. Armengau v. Ohio Dept.*

*of Rehabilitation & Corr.,* 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 12. Furthermore,

the failure to strictly comply with the requirements of R.C. 2969.25 deprives the court of

jurisdiction over the matter. *See Armengau* at ¶ 13.

{¶ 9} In these cases, a review of the complaints and documents filed by relator

shows that in both cases relator has failed to file an affidavit of prior actions that contains

all of the information required by R.C. 2969.25(A). With regard to case No. 19AP-46, the

affidavit filed is wholly deficient in that it is missing the name of the opposing party in four

of the five cases listed; fails to list the outcome of the cases in any of them[1]; and fails to

provide "[a] brief description of the nature of the civil action or appeal" as required by R.C.

2969.25(A)(1). Therefore, dismissal of relator's action in case No. 19AP-46 is warranted.

Although the magistrate has recommended that we find in favor of BOSC in case No. 19AP-

46 and deny the writ of mandamus, we modify the magistrate's decision to clarify that the

writ should not be denied on the merits; rather, the action should be dismissed without any

consideration of the merits of relator's request for a writ of mandamus.

---

[1] We acknowledge that at least for the first case relator has implied an "outcome" in that he indicates "[r]ela-tor appealed the decision to the Tenth District Court of Appeals, Case number 16-AP-615"; *i.e.*, one can infer from this that relator was unsuccessful in the underlying case. But such an inference is just that, and in any event none of the other cases listed include any indication of an "outcome."

{¶ 10} Similarly, although the affidavit filed with case No. 19AP-534 includes more information than that filed with case No. 19AP-46, it is nonetheless devoid of sufficient information regarding "[a] brief description of the nature of the civil action or appeal." More specifically, while the affidavit filed with case No. 19AP-534 indicates the general *type* of action filed in most of the cases, e.g., "Original Action in Mandamus"; "Writ of Habeas Corpus", it does not actually describe the *nature* of the action, such as "Original Action in Mandamus to Compel Compliance with a Public Records Request" which would apply in many of the cases (including case No. 19AP-46 which is before the court now), or "Original Action in Mandamus to Compel Judge Nancy M. Russo to vacate relator's plea of guilty to the offense of murder," as would be applicable in *State ex rel. Parker v. Russo*, 8th Dist. No. 107686, 2018-Ohio-4903.

{¶ 11} In *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808, the Supreme Court held that an inmate's affidavit which notated that a case was "an appeal of a civil petition" was an insufficient description of the "nature of the civil action or appeal." R.C. 2969.25(A)(1). *Kimbro* at ¶ 2. In *Kimbro*, the Supreme Court affirmed the judgment of the court of appeals dismissing an action seeking writs of mandamus and procedendo for failure to strictly comply with R.C. 2969.25(A). We find that relator's notating in his affidavit in case No. 19AP-534 that a previous action was "an original action in mandamus" or a "writ of habeas corpus," without more, is on par with what the inmate filed in *Kimbro*. As such, dismissal of relator's action in case No. 19AP-534 is appropriate.

{¶ 12} Having conducted an examination of the magistrate's decision and an independent review of the record pursuant to Civ.R. 53, we find the magistrate properly applied the relevant law to the salient facts in reaching the conclusion that these consolidated cases must be dismissed for failure to strictly comply with R.C. 2969.25(A). Accordingly, we

overrule relator's objections and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, with the modification described herein clarifying that both cases must be dismissed without any consideration of the merits of either; we grant the motion of OAPA to dismiss filed in case No. 19AP-534; and we dismiss these consolidated actions in mandamus.

*Objections overruled; motion to dismiss granted; complaints for writs of mandamus dismissed.*

BROWN and LUPER SCHUSTER, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Vincent El Alan Parker Bey, | : | |
| Relator, | : | |
| v. | : | No. 19AP-46 |
| [Ohio] Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |
| State ex rel. Vincent El Alan Parker Bey, | : | |
| Relator, | : | |
| v. | : | No. 19AP-534 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 6, 2020

*Vincent El Alan Parker Bey,* pro se.

*Dave Yost,* Attorney General, and *Christina E. Mahy,* for respondent Bureau of Sentence Computation.

*Dave Yost,* Attorney General, and *Zachary S. O'Driscoll,* for respondent Ohio Adult Parole Authority.

IN MANDAMUS
19AP-46 ON MERITS
19AP-534 ON RESPONDENT'S MOTION TO DISMISS

{¶ 13} Relator has filed these mandamus actions seeking to compel respondents, Ohio Bureau of Sentence Computation ("BOSC") and the Ohio Adult Parole Authority ("OAPA") to provide him with public records he requested pursuant to R.C. 149.43(B).

Findings of Fact:

{¶ 14} 1. Relator is an inmate currently incarcerated at Trumbull Correctional Institution.

**19AP-46**

{¶ 15} 2. On January 23, 2019, relator filed a mandamus action against BOSC in case No. 19AP-46. Relator asserted that "[o]n or about October 12, 2018 relator made a public record request, the respondent received the request on November 8, 2018 by certified mail. * * * The respondent did not respond to the public record request at all."

{¶ 16} 3. At the time he filed case No. 19AP-46, relator filed an affidavit of prior actions pursuant to R.C. 2969.25(A), wherein he identified the following cases:

{¶ 17} (1) Court of Claims of Ohio against ODRC for a bailment issue concerning legal property. Case Number 2013-00154 Vincent A. Parker v. ODRC. Relator appealed the decision to the Tenth District Court of Appeals, Case number 16-AP-615. (2) Supreme Court of Ohio, on January 29, 2018, Original Action in Mandamus, case number 2018-0147. (3) Eighth District Court of Appeals on September 17, 2018 Original Action in Mandamus, case number CA-18-107686. (4) Eleventh District Court of Appeals on October 2, 2018, Writ of Habeas Corpus, case number 2018-TR-090. (5) Eighth District Court of Appeals, Original Action in Mandamus, case number CA-18-107909.

{¶ 18} 4. Pursuant to the magistrate's briefing order, respondent filed certified evidence on July 25, 2019. That evidence included the affidavit of Vicki Wallace, a correctional records sentence computation auditor/release supervisor for BOSC, signed July 23, 2019. Wallace attested to the following:

> [Three] On Friday, February 22, 2019, my supervisor, Mary Oakley, requested that I mail a response first thing Monday morning to a public records request to Inmate Vincent Parker (#310623) at Trumbull Correctional * * *.
> [Four] On Monday, February 25, 2019, I mailed the requested records to Mr. Parker via United States Postal Service certified mail. (See Attachment A).
>
> [Five] The records sent to Mr. Parker were:
>
> [A] A Journal Entry from Cuyahoga County Common Pleas Court in *State of Ohio v. Vincent Parker,* CR 320034, filed on April 30, 2003. (1 page). (See Attachment B).
>
> [B] A Journal Entry from Cuyahoga County Common Pleas Court in *State of Ohio v. Vincent Parker,* CR 320034, filed on February 3, 2003. (1 page). (See Attachment C).
>
> [C] A Complaint from the Tenth District Court of Appeals in *State of Ohio, Vincent El Alan Parker Bey ex rel. v. Bureau of Sentence Computation,* 19-AP-46, filed January 23, 2019. (5 pages). (See Attachment D).
>
> [Six] Mr. Parker signed for receipt of the certified mail on February 28, 2019. (See Attachment E).

Wallace also attached copies of those documents.

{¶ 19} 5. Relator filed his merit brief on May 14, 2019. In that brief, relator acknowledged he had indeed received copies of the documents identified by Wallace in her affidavit; however, relator argued that BOSC did not "promptly" prepare those documents for him as required by R.C. 149.43(B). Relator argued that the 80 business days which had elapsed

was unreasonable and that BOSC should be ordered to pay statutory damages and court costs.

{¶ 20} 6. On July 9, 2019, relator filed a motion for summary judgment.

{¶ 21} 7. On July 12, 2019, the magistrate issued an order denying relator's July 9, 2019 motion for summary judgment because relator had failed to provide sufficient evidence to demonstrate that he was entitled to judgment in his favor. The magistrate also ordered the briefing order remain in effect and that relator should file any and all evidence upon which he intended to rely by July 25, 2019.

{¶ 22} 8. On July 30, 2019, BOSC filed its merit brief. BOSC relied on Wallace's affidavit indicating when she received instructions to prepare the documents relator requested as evidence that BOSC had promptly responded to relator's public records request. BOSC also stated that, "On April 11, 2019, Respondent made a settlement offer to Relator in writing. As of the date of filing, Relator has not responded to this offer. This offer was extended to Relator again on July 18, 2019, and again Respondent has received no reply." (BOSC's Brief at 4.) BOSC also asserted that relator had failed to comply with the mandatory filing requirements of R.C. 2969.25(A) when he filed his complaint. Specifically, BOSC noted that relator had failed to list the name of the opposing party in four of the five cases he listed, failed to list the outcome of the civil action or appeal for any of the cases he listed, and merely stated that none of his actions had been dismissed as frivolous or malicious. Because this does not satisfy the requirements of R.C. 2969.25(A), BOSC asserted that as an additional reason to deny relator's request for a writ of mandamus.

{¶ 23} 9. On August 1, 2019, relator filed an objection to the magistrate's order denying his request for summary judgment.

{¶ 24} 10. In a journal entry filed September 30, 2019, this court struck from the record relator's objections and his subsequent motion asking the court to take judicial notice, from the record.

### 19AP-534

{¶ 25} 11. On August 15, 2019, relator filed a mandamus action against OAPA in case No. 19AP-534. In that case, relator asserted that "[o]n or about February 11, 2019 relator made a public records request to the respondent by certified mail, which the respondent received on February 14, 2019."

{¶ 26} 12. At the time he filed case No. 19AP-534, relator filed a modified affidavit of prior actions indicating:

> [One] In accordance with and pursuant to O.R.C. 2969.25(A), affiant states that within the previous five year period, he has filed seven prior civil actions, which are: (1) Vincent A. Parker v. ODRC case number 16-AP-615, relator appealed a decision in that originated in the court of claims, case number 2013-00154. (2) Supreme Court of Ohio, on January 29, 2018 Original Action in Mandamus Parker v. Russo 2018-0147, court granted respondent[']s motion to dismiss, writ denied. (3) State ex rel. Parker v. Russo Original Action in Mandamus, case number CA-18-107686, writ denied, appeal pending. (4) State ex rel. Parker Bey v. Bracy Eleventh District Court of Appeals, Writ of Habeas Corpus, case number 2018-TR-090, writ denied, appeal pending. (5) State ex rel Parker Bey v. Byrd, Original Action in Mandamus case number CA-18-107909, writ denied, appeal pending. (6) State ex rel. Parker Bey v. Julie Loomis & Trumbull Correctional Institution et al., Eleventh District Court of Appeals, Original Action in Mandamus, case number 2109-TR-35 [sic], pending. (7) State ex rel. Parker Bey v. Bureau Sentence Computation, Original Action in Mandamus, Tenth District Court of Appeals, case number 19-AP-46, pending.

{¶ 27} 13. On September 16, 2019, OAPA filed a motion to dismiss asserting that relator had failed to comply with the mandatory requirements of R.C. 2969.25(A). Specifically, OAPA asserted that relator failed to list the nature of the action in any of his seven

prior actions, failed to list the appropriate originating court in any of the seven prior actions, and failed to list the outcome in three of the seven prior actions.

{¶ 28}  14. On October 2, 2019, relator filed a reply to the motion to dismiss asserting that OAPA was using the argument that he had failed to strictly comply with R.C. 2969.25 "as a red herring, to distract and or mislead the factfinder." Thereafter, relator stated:

> After a simple review of the relator's complaint and affidavit of prior civil actions, this court can determine that relator has complied with the statute, by listing the parties named in each civil action, listing the nature of the action and whether it was dismissed and pending appeal and whether it was dismissed as frivolous or malicious. The statute requires no more, and relator has complied with the statute.

{¶ 29}  15. On October 9, 2019, OAPA filed a reply in support of its motion to dismiss relator's complaint. OAPA cited *State ex rel Kimbro v. Glavas,* 97 Ohio St.3d 197, 2002-Ohio-5808, in support of its argument that the requirements of R.C. 2969.25(A) are jurisdictional, and that it's argument based on relator's failure to meet those requirements was not a "red herring" to distract this court from the merits of relator's mandamus action.

### 19AP-46 and 19AP-534

{¶ 30}  16. In a journal entry dated November 20, 2019, this court sua sponte consolidated relator's mandamus actions in case Nos. 19AP-46 and 19AP-534.

{¶ 31}  17. Relator has asked this court to reconsider its decision to consolidate his cases.

{¶ 32}  18. The matter is currently on the magistrate's docket.

Conclusions of Law:

{¶ 33}  The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act

requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 34} Whether or not these cases should have been consolidated is ultimately immaterial. These cases do involve similar issues and can be addressed together or separately. In both cases, relator made a public records request. In case No. 19AP-46, BOSC has provided relator with the documents he sought and, as such, that portion of his action is clearly moot. Relator does, however, argue that BOSC did not reply promptly and requests this court order BOSC to pay his court costs and award him statutory damages. At the same time, in both 19AP-46 and 19AP-534, respondents have argued that relator failed to strictly comply with the requirements of R.C. 2969.25(A), and that his failure to do so warrants dismissal of his actions.

## 19AP-46

{¶ 35} In this case, relator sought public records from BOSC in October 2018 and BOSC received that request on November 8, 2018. According to the affidavit of Vicki Wallace, her supervisor gave her the request on February 22, 2019 and, three days later, she provided relator with copies of the documents he sought. Relator acknowledged that he received those documents but asserts he is entitled to an award of statutory damages and the payment of court costs because BOSC did not promptly comply with the requirements of R.C. 149.43.

{¶ 36} The purpose of the Ohio Public Records Act "is to expose government activity to public scrutiny, which is absolutely essential to the proper working of a democracy." *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro,* 80 Ohio St.3d 261, 264 (1997), citing *State ex rel. WHIO—TV—7 v. Lowe,* 77 Ohio St.3d 350, 355 (1997). Scrutiny of public records allows citizens to evaluate the rationale behind government decisions so

government officials can be held accountable. *White v. Clinton Cty. Bd. of Commrs.,* 76 Ohio St.3d 416, 420 (1996).

{¶ 37} The appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act, is mandamus. *State ex rel. Physicians Commt. For Responsible Medicine v. Bd. of Trustees of Ohio State Univ.,* 108 Ohio St.3d 288, 2006-Ohio-903. R.C. 149.43 must also be construed liberally in favor of broad access, and any doubt must be resolved in favor of disclosure of public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.,* 75 Ohio St.3d 374 (1996).

{¶ 38} R.C. 149.43 pertains to availability of public records and provides, in pertinent part:

> (A)(1) "Public record" means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units * * *.
>
> * * *
>
> (B)(1) Upon request and subject to division (B)(8) of this section, all public records responsive to the request shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (B)(8) of this section, upon request, a public office or person responsible for public records shall make copies of the requested public record available at cost and within a reasonable period of time. If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person responsible for the public record shall make available all of the information within the public record that is not exempt. When making that public record available for public inspection or copying that public record, the public office or the person responsible for the public record shall notify the requester of any redaction or make the redaction plainly visible. A redaction shall be deemed a denial of a request to inspect or copy the redacted information, except if federal or state law authorizes or requires a public office to make the redaction.

(2) * * * If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

(3) If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied. If the initial request was provided in writing, the explanation also shall be provided to the requester in writing.

(C)(1) If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section, that awards court costs and reasonable attorney's fees to the person that instituted the mandamus action, and, if applicable, that includes an order fixing statutory damages under division (C)(1) of this section.

If a requestor transmits a written request by hand delivery or certified mail to inspect or receive copies of any public record in a manner that fairly describes the public record or class of public records to the public office or person responsible for the requested public records, except as otherwise provided in this section, the requestor shall be entitled to recover the amount of statutory damages set forth in this division if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section.

The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information.

{¶ 39} As above indicated, public offices are required to promptly prepare records and transmit them within a reasonable period of time after receiving the request for the copy. The term "promptly" is not defined in the statute. However, statutes in other states give their agencies from between 3 and 12 days from the date the public records were requested to make the documents available. The word "prompt" is defined as "performed readily or immediately." *Webster's Eleventh New Collegiate Dictionary* 994 (2005).

{¶ 40} Even though the term "promptly" is not defined in the statute, this court could arguably find that the 80 days from when BOSC signed for the public records request and the date BOSC provided those documents to relator does not meet the requirement to respond promptly. However, as the magistrate also finds, relator failed to strictly comply with the requirements of R.C. 2969.25(A) and this court does not have jurisdiction to consider whether or not BOSC promptly provided relator with the documents he sought.

R.C. 2969.25(A) states:

At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 41} Thus, R.C. 2969.25(A) requires an inmate to file an affidavit listing each civil action or appeal of a civil action he has filed in the previous five years in any state or federal court, as well as information regarding the outcome. This court has noted that " '[c]ompliance with R.C. 2969.25(A) is mandatory and failure to comply subjects an inmate's action to dismissal.' " *Arega v. Coleman*, 10th Dist. No. 15AP-629, 2015-Ohio-5242, ¶ 11, quoting *Morris v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 05AP-596, 2005-Ohio-6306, ¶ 6. Further, "the affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal," and the "belated attempt to file the required affidavit does not excuse noncompliance." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4.

{¶ 42} Relator appears to accept BOSC's assertion that he failed to strictly comply with the requirements of R.C. 2969.25(A) when he filed his complaint in 19AP-46. [2]

{¶ 43} As indicated in the findings of fact, relator attempted to comply with R.C. 2969.25(A) in case No. 19AP-46 by providing:

---

[2] Relator specifically modified his prior actions affidavit when he later filed his complaint in case No. 19AP-534.

> (1) Court of Claims of Ohio against ODRC for a bailment issue concerning legal property. Case Number 2013-00154 Vincent A. Parker v. ODRC. Relator appealed the decision to the Tenth District Court of Appeals, Case number 16-AP-615. (2) Supreme Court of Ohio, on January 29, 2018, Original Action in Mandamus, case number 2018-0147. (3) Eighth District Court of Appeals on September 17, 2018 Original Action in Mandamus, case number CA-18-107686. (4) Eleventh District Court of Appeals on October 2, 2018, Writ of Habeas Corpus, case number 2018-TR-090. (5) Eighth District Court of Appeals, Original Action in Mandamus, case number CA-18-107909.

{¶ 44} As BOSC asserted, relator failed to list the name of the opposing party in four of the five cases he listed, and failed to list the outcome of the civil action or appeal for any of the cases that he listed.

{¶ 45} As this court stated in *State ex rel. Armengau v. Ohio Dept. of Rehabilitation & Corr.,* 10th Dist. No. 15AP-1070, 2017-Ohio-368, relator's failure to strictly comply with the requirements of R.C. 2969.25 means that this court lacks jurisdiction to consider his petition for a writ of mandamus. As such, even though it appears the filing of this mandamus action may indeed have been what prompted BOSC to comply with relator's public records request, this court does not have jurisdiction to award relator statutory damages for any perceived failure of BOSC to promptly provide the records.

### 19AP-534

{¶ 46} As the magistrate noted in findings of fact 3 and 12, relator did provide additional information concerning the civil actions or appeals of civil actions that he filed in the five years preceding the date he filed the mandamus action in case No. 19AP-534. Despite the fact that he included additional information, OAPA still maintains that relator failed to strictly comply with those requirements, his failure divests this court of jurisdiction and warrants dismissal.

{¶ 47} Relator provided the following information in an effort to comply with the requirements of R.C. 2969.25 when he filed case No. 19AP-534:

> [One] In accordance with and pursuant to O.R.C. 2969.25(A), affiant states that within the previous five year period, he has filed seven prior civil actions, which are: (1) Vincent A. Parker v. ODRC case number 16-AP-615, relator appealed a decision in that originated in the court of claims, case number 2013-00154. (2) Supreme Court of Ohio, on January 29, 2018 Original Action in Mandamus Parker v. Russo 2018-0147, court granted respondent[']s motion to dismiss, writ denied. (3) State ex rel. Parker v. Russo Original Action in Mandamus, case number CA-18-107686, writ denied, appeal pending. (4) State ex rel. Parker Bey v. Bracy Eleventh District Court of Appeals, Writ of Habeas Corpus, case number 2018-TR-090, writ denied, appeal pending. (5) State ex rel Parker Bey v. Byrd, Original Action in Mandamus case number CA-18-107909, writ denied, appeal pending. (6) State ex rel. Parker Bey v. Julie Loomis & Trumbull Correctional Institution et al., Eleventh District Court of Appeals, Original Action in Mandamus, case number 2109-TR-35 [sic], pending. (7) State ex rel. Parker Bey v. Bureau Sentence Computation, Original Action in Mandamus, Tenth District Court of Appeals, case number 19-AP-46, pending.

{¶ 48} OAPA correctly argues that this too fails to comply with the mandatory requirements of R.C. 2969.25(A). Relator did indeed fail to list the nature of any of the prior seven actions. For example, indicating that he appealed a decision from the Court of Claims does not explain to this court what the nature of that underlying action was. Further, asserting that he filed an original action in mandamus does not explain the substance of that action. The other cases he listed likewise lack specificity.

{¶ 49} In *Kimbro*, the Supreme Court found that an inmate's failure to provide information concerning the nature behind the prior civil action fails to meet the requirements of R.C. 2969.25(A), and dismissal by this court is appropriate.

{¶ 50} Finding that, in both these cases, relator failed to strictly comply with the mandatory filing requirements of R.C. 2969.25(A), it is this magistrate's decision that this

court should find in favor of BOSC in case No. 19AP-46, deny relator's request for mandamus, and grant OAPA's motion to dismiss in case No. 19AP-534 for relator's failure to meet the mandatory requirements.

/S/ MAGISTRATE
STEPHANIE BISCA

### NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).