[Cite as *Russell v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-497.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Mark R. Russell, :

        Plaintiff-Appellant, : No. 22AP-518
(C.P.C. No. 21CV-6184)

v. :

        (ACCELERATED CALENDAR)

Ohio Department of Rehabilitation and :
Correction,

        Defendant-Appellee. :

---

D E C I S I O N

Rendered on February 21, 2023

---

**On brief:** *Mark R. Russell*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for appellee.

---

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Mark R. Russell, appellant, brings this appeal from a judgment of the Franklin County Court of Common Pleas dismissing an action for failure to comply with R.C. 2969.25. We find no error in the trial court and affirm the judgment.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Russell, an inmate incarcerated at London Correctional Institution, filed a complaint against the Ohio Department of Rehabilitation and Correction ("ODRC") making a claim that his constitutional rights have been violated by ODRC's policy regarding outgoing mail.

{¶ 3} Russell sought waiver of the filing fees and was required, pursuant to R.C. 2969.25(C), to file a certified statement regarding his inmate account. Russell did not submit the certified statement.

{¶ 4} ODRC filed a motion to dismiss due to Russell's failure to file the certified statement of his inmate account, and Russell filed a response. On July 19, 2022, the trial court granted ODRC's motion to dismiss. Russell now brings a timely appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 5} Russell assigns the following as trial court error:

APPELLANT'S OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS TO DUE-PROCESS AND FAIR TRIAL PROCEEDINGS WERE VIOLATED WHEN THE TRIAL COURT DISMISSED APPELLANT'S CASE DUE TO FAILURE TO COMPLY WITH R.C. 2969.25(C).

## III.  STANDARD OF REVIEW

{¶ 6} An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) using a de novo standard. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12. A motion to dismiss filed pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. An appellate court reviews a Civ.R. 12(B)(6) dismissal by examining the complaint, presuming the factual allegations are true and making all reasonable inferences in the nonmovant's favor. *Ohio Civ. Serv.* at ¶ 12. The dismissal may be affirmed only when there is no set of facts under which the nonmoving party could recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

## IV.  LEGAL ANALYSIS

{¶ 7} An inmate filing a civil lawsuit against a government entity is allowed to obtain a waiver of filing fees. Pursuant to R.C. 2969.25(C), the inmate must file with the complaint an affidavit of waiver and an affidavit of indigency that contains a "statement that sets forth the balance in the inmate account * * * for each of the preceding six months, as certified by the institutional cashier."

{¶ 8} The record reflects that Russell filed an affidavit of indigency with both his initial and amended complaints, but did not otherwise comply with R.C. 2969.25(C). Russell failed to file the certified statement of his inmate account.

{¶ 9} Strict compliance with R.C. 2969.25 is required, and nothing in the statute suggests that substantial compliance is permitted. *State ex rel. Parker Bey v. Ohio Bur. of Sentence Computation,* 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 7. Failure to file results in a lack of jurisdiction. "Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action" for lack of jurisdiction. *State ex rel. Armengau v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 15AP-1070, 2017-Ohio-368, ¶ 12. The required information must be submitted at the time the action is filed, and the "deficiency cannot be cured at a later date." *Id.*

{¶ 10} Finding that Russell has failed to satisfy all the mandatory statutory requirements of R.C. 2969.25(C), we overrule his sole assignment of error.

## V. CONCLUSION

{¶ 11} Having found no error, we overruled Russell's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and MENTEL, JJ., concur.

_____