The State ex rel. Young, Appellant, *v.* Clipper,[1] Warden, Appellee.

[Cite as *State ex rel. Young v. Clipper,* 142
Ohio St.3d 318, 2015-Ohio-1351.]

(No. 2014–0895—Submitted January 13, 2015—Decided April 8, 2015.)

———————

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing an original action in mandamus brought pro se by appellant, Aaron Young, an inmate at Lorain Correctional Institution, related to a public-records request he submitted to appellee, Kimberly Clipper, the warden of the institution.

{¶ 2} The Ninth District Court of Appeals dismissed his complaint sua sponte because Young failed to comply with R.C. 2969.25(C). Young filed a Civ.R. 60(B) motion and a motion for leave to amend his complaint. The court of appeals denied his motions, and Young appealed.

———————

1. Young misspelled the warden's name as "Clippers" in his complaint.

{¶ 3} Young failed to comply with the statute, and the court below did not err by dismissing his complaint sua sponte or denying his Civ.R. 60(B) motion. We affirm.

*Facts*

{¶ 4} According to Young, he sent Clipper two written requests to copy or inspect the Ohio Department of Rehabilitation and Correction employee rules of conduct. Young asserts that both requests were ignored. Young spoke to the inspector of institutional services, Ron Pawlus, informing him that he had made the public-records requests and that they had been ignored. Young asked Pawlus for a notification-of-grievance form so he could file a grievance against Clipper. Pawlus denied his request, explaining that Young needed to complete step one of the grievance process (informal complaint) before he could move on to step two (notification of grievance). *See* Ohio Adm.Code 5120–9–31. Young wrote to the chief inspector for a notification-of-grievance form, also apparently to no avail.

{¶ 5} Young petitioned the court of appeals for a writ of mandamus against Clipper, and the court of appeals dismissed his claim, finding that his complaint had failed to comply with R.C. 2969.25(C). Specifically, he did not pay the filing fee and although he filed an affidavit asserting indigency, the statute requires that the affidavit contain a statement that sets forth the balance in the inmate's account for each of the preceding six months, as certified by the institutional cashier, and a statement that sets forth all other cash and things of value owned by the inmate. The court found that Young had not included these statements and that the cashier's certificate he had attached to his complaint gave his balance for only a one-month period.

{¶ 6} Young filed a Civ.R. 60(B) motion and sought leave to amend his complaint. The court denied the motions.

{¶ 7} Young appealed to this court.

*Analysis*

{¶ 8} Young raises two propositions of law. First, Young claims that the court of appeals abused its discretion by sua sponte dismissing his complaint. We hold that the court of appeals did not err in dismissing the complaint, because the requirements of R.C. 2969.25 are mandatory and failure to comply with them requires dismissal. *State ex rel. Hall v. Mohr,* 140 Ohio St.3d 297, 2014-Ohio-3735, 17 N.E.3d 581, ¶ 4.

{¶ 9} Young's second proposition of law is that the court abused its discretion in denying his Civ.R. 60(B) motion. The failure to comply with the mandatory requirements of R.C. 2969.25(C) is not curable by subsequent amendment. A belated attempt to file an affidavit that complies with R.C. 2969.25 does not

excuse the noncompliance. *Hazel v. Knab,* 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1; *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 9. Therefore, the court of appeals did not err in denying Young's Civ.R. 60(B) motion.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Aaron E. Young, pro se.