[Cite as *State ex rel. Pointer v. Ohio Adult Parole Auth.*, 2022-Ohio-358.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Dennis Pointer, | : | |
| Relator, | : | |
| v. | : | No. 21AP-412 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on February 8, 2022

**On brief:** *Dennis Pointer*, pro se.

**On brief:** *Dave Yost*, Attorney General, *George Horvath*, and *Tony H. Shang*, for respondent.

IN MANDAMUS

DORRIAN, J.

{¶ 1} Relator, Dennis Pointer, filed this original action requesting this court issue a writ of mandamus ordering respondent, the Ohio Adult Parole Authority ("OAPA"), to remove all false, misleading, and incorrect information from his file and order a new parole hearing. OAPA filed a motion to dismiss relator's request for a writ of mandamus.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate determined that, at the time relator filed his complaint, he failed to file an affidavit of prior civil actions, as required by R.C. 2969.25(A), and failed to include all of the information required by statute. Since compliance with the provisions of R.C. 2969.25 is mandatory, the magistrate recommends

this court grant OAPA's motion to dismiss.  After the magistrate's decision, relator filed a motion for summary judgment and a motion for leave to file objections.

{¶ 3}  Relator is an inmate incarcerated at Mansfield Correctional Institution ("MCI").  At the time relator filed the instant mandamus action, he filed an affidavit of prior actions as required by R.C. 2969.25(A).  The affidavit provided, in pertinent part:

> (1) Pointer v. Jane Doe Smith et. al., Case No. 20APE-12-555
> (2) Pointer v. Jane Doe Smith et. al., Case No. 20CV003737
> (3) Pointer v. Ohio Dept. of Rehab. And Corr., 2019-010-59AD.

(Sic passim.)

{¶ 4}  OAPA filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and/or (6) based on relator's failure to comply with R.C. 2969.25(A), asserting that relator's affidavit of prior actions was insufficient because it did not include all information required by statute. Relator filed a memorandum in opposition to OAPA's motion to dismiss, arguing that he could not comply with R.C. 2969.25(A) due to the restrictions in place as a result of the COVID-19 pandemic, as well as the fact he contracted COVID-19.  Relator then filed a motion for leave of court to amend his complaint, submitting an affidavit with a full listing of the prior actions he has filed in the previous five years.

{¶ 5}  R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years.  The requirements provided in R.C. 2969.25(A) are as follows:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court.  The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 6} In his memorandum in opposition, and objections, relator does not contend that he submitted affidavits that complied with the statutory requirements when he filed his mandamus complaint. Rather, in his memorandum in opposition, relator argued he could not conduct legal research in order to complete the affidavit because of COVID-19 restrictions at MCI. Further, in his untimely objections, relator contends that R.C. 2969.25 does not apply to the Court of Claims of Ohio or the Supreme Court of Ohio.

{¶ 7} This court has previously noted that R.C. 2969.25 requires strict compliance as follows: "It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory, and that the failure to comply with R.C. 2969.25 requires dismissal of the action." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999). Further, "the affidavit required by R.C. 2969.25(A) must be filed at the time an inmate commences the civil action or appeal [and] [t]he belated attempt to file the required affidavit does not excuse noncompliance." *Id.*, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9. *See also Hall v. Collins*, 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10 (R.C. 2969.25 required documents "must be filed at the time the complaint is filed," and a plaintiff's failure to comply with the statutory requirements "when he filed his complaint subjects his complaint to dismissal."). Moreover, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 8} Relator's affidavit filed with his complaint in mandamus fails to comply with the R.C. 2969.25(A)(1) requirement that the affidavit contain a brief description of the nature of the civil action, relator only provided case names and case numbers. Other deficiencies include that the affidavit does not include the court in which the actions were

filed, as required by R.C. 2969.25(A)(2); the name of each party, as required by (A)(3); or the outcome of the actions, as required by (A)(4). Thus, since relator's affidavit was deficient, dismissal of relator's action is warranted.

{¶ 9} Furthermore, the magistrate determined that relator's motion to amend his complaint to add an affidavit containing a complete list of the actions he has filed within the previous five years must be denied because failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. According to the Supreme Court, as noted in the case law cited above, this noncompliance cannot be cured. *See Fuqua* at ¶ 9 and *Young* at ¶ 9.

{¶ 10} In light of the dismissal of this action, relator's motion for summary judgment and his motion for leave to file objections to the magistrate's decision are rendered moot.

{¶ 11} Upon review of the magistrate's decision, and an independent review of the record, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant OAPA's motion and hereby dismiss the action.

*Motion to dismiss granted;*
*motion for leave to amend complaint moot;*
*motion for summary judgment moot;*
*motion for leave to file objections moot.*

LUPER SCHUSTER, P.J., and MENTEL, J., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Dennis Pointer, | : | |
| Relator, | : | |
| v. | : | No.  21AP-412 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 28, 2021

*Dennis Pointer,* pro se.

*Dave Yost,* Attorney General, *George Horvath,* and *Tony H. Shang,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 12} Relator, Dennis Pointer, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to remove all false, misleading, and incorrect information from his file and order a new parole hearing. The OAPA has filed an October 7, 2021, motion to dismiss. On October 26, 2021, relator filed a motion for leave to amend complaint.

Findings of Fact:

{¶ 13} 1. Relator is an inmate incarcerated at Mansfield Correctional Institution.

{¶ 14} 2. The OAPA is a governmental agency responsible for, among other things, the release and supervision of adult felony offenders returning to local communities from prison.

{¶ 15} 3. On August 18, 2021, relator filed the instant mandamus action asking this court to order the OAPA to remove all false, misleading, and incorrect information from his file and order a new parole hearing.

{¶ 16} 4. At the time relator filed this mandamus action, he filed an affidavit of prior actions as required by R.C. 2969.25(A). The affidavit provided, in pertinent part:

> * * * The following is [a] complete list of [a]ll cases filed in the l[a]st five years.
>
> 1.  <u>Pointer v. Jane Doe Smith, et. al.</u>, Case No. 20APE-12-555
> 2.  <u>Pointer v. Jane Doe Smith et. al.</u>, Case No. 20CV003737
> 3.  <u>Pointer v. Ohio Dept. of Rehab. [a]nd Corr.</u>[,] 2019-010-59AD.

{¶ 17} 5. On October 7, 2021, the OAPA filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and/or (6) based upon relator's failure to comply with R.C. 2969.25(A), asserting that relator's affidavit of prior actions was insufficient because it did not include all of the information required by statute.

{¶ 18} 6. On October 26, 2021, relator filed a memorandum in opposition to the OAPA's motion to dismiss, arguing that he could not comply with R.C. 2969.25(A) due to the restrictions on legal research and computer usage in place resulting from the COVID-19 pandemic, as well as the fact that he contracted, and still suffers from the effects of, a COVID-19 infection.

{¶ 19} 7. Also on October 26, 2021, relator filed a motion for leave of court to amend his complaint, submitting an affidavit with a full listing of the prior actions he has filed in the previous five years.

<u>Conclusions of Law</u>:

{¶ 20} The magistrate recommends that this court grant the OAPA's motion to dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(A). The magistrate also recommends that this court deny relator's motion for leave of court to amend his complaint.

{¶ 21} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9. "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

{¶ 22} A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " *T & M Machines, LLC* at ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶ 23} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years. R.C. 2969.25(A) provides:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as

frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25 (A)(1) through (4).

{¶ 24} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 25} In the present case, a review of relator's affidavit filed with his complaint in mandamus reveals that relator has failed to file an affidavit of prior actions that contains all of the information required by R.C. 2969.25(A). Relator's affidavit of prior actions does not comply with the requirement in R.C. 2969.25(A)(1) that the affidavit contain a brief description of the nature of the civil action. *See, e.g., State ex rel. Bey v. [Ohio] Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 6-11 (dismissal of mandamus action appropriate when the affidavit indicated the general type of action filed in most of the cases, *e.g.*, original action in mandamus or writ of habeas corpus, but it did not actually describe the nature of the actions, such as describing that the cases are original actions in mandamus to compel compliance with a public records request or to compel the judge to vacate relator's guilty pleas to the offense of murder). Relator's affidavit contains no description of the nature of his prior actions, even less than what was found insufficient in *Bey*. Relator provides only the case names and case numbers in his affidavit, which is clearly deficient under the requirements in R.C. 2969.25(A)(1).

{¶ 26} Furthermore, the affidavit in the present case does not include the court in which the actions were brought, as required by R.C. 2969.25(A)(2); the name of each party, as required by R.C. 2969.25(A)(3); or the outcome of the actions, as required by R.C. 2969.25(A)(4). Therefore, dismissal of relator's action is also warranted on these bases. *See State ex rel. Russell v. Ohio Dept. of Rehab. & Corr.*, 161 Ohio St.3d 312, 2020-Ohio-4788, ¶ 8 (affidavit was deficient because it did not identify the courts in which the cases were brought or the names of all of the parties); *Taylor v. Harris*, 159 Ohio St.3d 564, 2020-Ohio-1046, ¶ 10 (although the inmate filed an affidavit listing the civil actions that he had filed in the previous five years, the failure to provide the courts in which they were brought and the outcome of each case, as well as other deficiencies, rendered the petition fatally defective under R.C. 2969.25(A)); *Bey* at ¶ 9 (affidavit wholly deficient because it was missing the name of the opposing party in the cases listed).

{¶ 27} With regard to relator's motion to amend his complaint to add an affidavit containing a complete list of actions he has filed within the previous five years, this motion must be denied. As explained above, it is well established that the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *See State ex rel. Young* at ¶ 9.

{¶ 28} Accordingly, it is the magistrate's decision that, based upon relator's failure to comply with the mandatory filing requirements of R.C. 2969.25(A), this court should grant the OAPA's motion to dismiss relator's complaint for writ of mandamus and deny his motion to amend his complaint.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).