**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*State ex rel. Pointer v. Ohio Adult Parole Auth.,* **Slip Opinion No. 2022-Ohio-3261.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3261

THE STATE EX REL. POINTER, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Pointer v. Ohio Adult Parole Auth.*, Slip Opinion No. 2022-Ohio-3261.]**

*Mandamus—Inmate failed to satisfy affidavit requirement of R.C. 2969.25(A)—Court of appeals' dismissal of complaint affirmed.*

(No. 2022-0307—Submitted August 2, 2022—Decided September 21, 2022.)

APPEAL from the Court of Appeals for Franklin County, No. 21AP-412, 2022-Ohio-358.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Dennis Pointer, appeals the Tenth District Court of Appeals' dismissal of his mandamus complaint for failure to satisfy the affidavit requirement of R.C. 2969.25(A). We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**{¶ 2}** Pointer is incarcerated for a 1993 murder conviction. According to Pointer, at a parole hearing in January 2020, members of the parole board

questioned him about rules infractions that had been used as bases to deny him parole in previous hearings. Pointer further alleges that the parole board did not provide him with all the "reports, documents, or other written information" it relied on in its decision to deny him parole. Pointer therefore argues that he was deprived of his opportunity to inform the parole board of inaccuracies contained in these reports and documents and was thereby denied meaningful consideration for parole.

{¶ 3} Pointer commenced this action in the court of appeals in August 2021, seeking a writ of mandamus ordering appellee, Ohio Adult Parole Authority ("APA"), to remove all false, incorrect, and misleading information from his file, order a new parole hearing, and allow him to review his file at the new hearing. Attached to the complaint was Pointer's affidavit required by R.C. 2969.25(A), purporting to contain a list "of all cases [Pointer] filed in the last five years." The list reads as follows:

 

    (1) *Pointer v. Jane Doe Smith et al.*,
        Case No. 20APE-12-555

    (2) *Pointer v. Jane Doe Smith et al.*,
        Case No. 20CV003737

    (3) *Pointer v. Ohio Dept. of Rehab. And Corr.*
        2019-010-59AD.

 

APA moved to dismiss Pointer's complaint for noncompliance with R.C. 2969.25(A), arguing that his affidavit of prior actions failed to contain all the information required by the statute and was therefore deficient. Pointer opposed APA's motion to dismiss. He also filed a motion for leave to amend his complaint to include a more detailed R.C. 2969.25(A) affidavit.

{¶ 4} The court of appeals referred the case to a magistrate, who recommended granting APA's motion to dismiss. The magistrate found that

Pointer's affidavit of prior actions was fatally deficient because it failed to contain a brief description of the nature of the actions listed, failed to include the court in which each action was brought, and failed to list the name of each party or the outcome of the actions. *See* R.C. 2969.25(A). The magistrate further recommended denying Pointer's motion for leave to amend his complaint because an R.C. 2969.25 defect "cannot be cured * * * by belatedly attempting to file a compliant affidavit."

**{¶ 5}** Pointer filed objections to the magistrate's decision. The court of appeals overruled Pointer's objections and adopted the magistrate's recommendation to dismiss the action.[1] Pointer appealed to this court as of right.

## ANALYSIS

**{¶ 6}** We review de novo the dismissal of an inmate's extraordinary-writ action for failure to comply with R.C. 2969.25. *See State ex rel. Steele v. Foley*, 164 Ohio St.3d 540, 2021-Ohio-2073, 173 N.E.3d 1209, ¶ 6. In this case, the court of appeals' dismissal of Pointer's complaint was correct.

**{¶ 7}** An inmate who files an extraordinary-writ action against a government entity in the court of appeals must attach an affidavit listing all federal and state civil actions and appeals of civil actions he has filed in the previous five years. R.C. 2969.25(A). The affidavit must include (1) a brief description of the nature of the civil action or appeal, (2) the case name, case number, and court in which the civil action or appeal was brought, (3) the name of each party to the civil action or appeal, and (4) the outcome of the civil action or appeal. *Id.* The statute requires "strict compliance." *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, 128 N.E.3d 193, ¶ 6. Noncompliance with this requirement is fatal to an inmate's complaint and provides a sufficient

---

1. Despite the magistrate's recommendation that Pointer's motion for leave to amend his complaint be denied outright, the court of appeals denied the motion as moot. Pointer has not raised the denial of his motion for leave in this appeal.

basis for dismissing a petition. *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5; *see also State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, 29 N.E.3d 977, ¶ 9 (R.C. 2969.25 defect cannot be cured by subsequent amendment).

**{¶ 8}** Pointer's R.C. 2969.25(A) affidavit is deficient in numerous respects. It failed to identify the parties to the civil actions he disclosed, the courts in which those cases were filed, and the outcome of each case. *See* R.C. 2969.25(A). The court of appeals did not err in dismissing Pointer's complaint due to these omissions. *See Steele* at ¶ 9.

**{¶ 9}** In this appeal, Pointer does not claim to have complied with R.C. 2969.25(A). Rather, he devotes his arguments to the underlying merits of his mandamus complaint, which the court of appeals never reached. Accordingly, Pointer fails to demonstrate any error in the court of appeals' judgment of dismissal. We therefore affirm.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Dennis Pointer, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for appellee.

_____