[Cite as *Cotten v. Chambers-Smith*, 2024-Ohio-1142.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prince Charles Cotten, Sr., | : | |
| Relator, | : | No. 23AP-100 |
| v. | : | (REGULAR CALENDAR) |
| Annette Chambers-Smith, Director, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on March 26, 2024

**On brief:** *Prince Charles Cotten*, *Sr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *John H. Bates*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

**{¶ 1}** Relator, Prince Charles Cotten, Sr., pro se, brought this original action seeking a writ of mandamus ordering respondent, Annette Chambers-Smith, in her capacity as director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to provide him with the certified sentencing entry that authorizes his detention at Marion County Institution ("MCI").

## I. Procedural History

**{¶ 2}** Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate who has issued a decision including findings of fact and conclusions of law and is appended hereto.

{¶ 3}    On March 16, 2023, respondent filed a motion to dismiss relator's complaint, pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted.

{¶ 4}    On April 17, 2023, the magistrate dismissed relator's action because relator failed to comply with the requirements of R.C. 2696.25(A).  The following motions were rendered moot: relator's motion for statutory damages pursuant to R.C. 149.43, respondent's motion to dismiss, and relator's motion to concede to the truth pursuant to R.C. 2921.11.  The magistrate provided notice to relator of the opportunity, under Civ.R. 53(D)(3), to object to the findings of fact and conclusions of law in the decision. (Appended Mag.'s Decision at ¶ 29.)

{¶ 5}    On July 18, 2023, relator filed timely objections to the magistrate's decision arguing that respondent failed to produce records, pursuant to R.C. 149.43, that provide him with the certified sentencing entry that authorizes his detention at MCI.  Relator contends that the matter is unresolved because the magistrate acted outside his capacity and did not follow federal/state law; the magistrate was lacking subject-matter jurisdiction; relator has stated a claim upon which relief can be granted; the magistrate is in violation of his attorney's oath of office, as well as the rules of professional conduct; and the Constitution prohibits the state from passing or invoking a rule of law that would directly prevent and/or impede a pro se litigant from correcting, amending and/or to cure a defect in their pleading based on substantive federal and state procedural constitutional and statutory law and right to appear before a fair and neutral tribunal.

{¶ 6}    Pursuant to Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

## II. Standard of Review

{¶ 7}    An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) using a de novo standard.  *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12.  A motion to dismiss filed, pursuant to Civ.R. 12(B)(6), tests the sufficiency of the complaint.  *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11.  An appellate court reviews a Civ.R. 12(B)(6) dismissal by examining the complaint, presuming the factual allegations are true, and making all

reasonable inferences in the nonmovant's favor. *Ohio Civ. Serv. Emps. Assn.* at ¶ 12. The dismissal may be affirmed only when there is no set of facts under which the nonmoving party could recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

**III. Legal Analysis**

**{¶ 8}** Relator has not followed the mandatory requirements of R.C. 2969.25, warranting dismissal. R.C. 2969.25(A) and (C) provide the procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. Under section A, "at the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

**{¶ 9}** Here, Relator provides an affidavit detailing his prior civil actions appeals as required by any actions filed by an inmate for the previous five years. The affidavit does provide case numbers and parties for each case. Relator also provides an outcome, including pending actions for each case, and specifies whether the case has proceeded to further appeal. The list of actions, therefore, complies with R.C. 2969.25(A)(2) through (4).

{¶ 10} Five of the listed civil actions are simply described as "civil actions" and the magistrate highlighted relator's failure to provide a brief description of each action as grounds for dismissal.

{¶ 11} However, R.C. 2969.25 only applies to "a civil action or appeal against a government entity or employee." Such an action can only be brought in a "court of common pleas, court of appeals, county court, or municipal court." R.C. 2969.21(B)(1)(a). " 'Civil action or appeal against a government entity or employee' does not include any civil action that an inmate commences against the state, political subdivision, or an employee of the state or a political subdivision in the court of claims." R.C. 2969.21(B)(2).

{¶ 12} The civil actions cited by the magistrate were in the court of claims of Ohio, and the R.C. 2969.25 requirements do not apply. The failure to provide a brief description for those five cases are not grounds for dismissal.

{¶ 13} However, relator has failed to list two federal habeas corpus actions filed within the last five years. "A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action." *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, paragraph one of the syllabus. Failure to list a habeas corpus action is grounds for dismissal. *Westerfield v. Bracy*, 171 Ohio St.3d 803, 2023-Ohio-499.

{¶ 14} The filing requirements of R.C. 2969.25(A) are mandatory and strict compliance is required. *State ex rel. Taylor v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-132, 2016-Ohio-7136. Substantial compliance is not sufficient to survive a motion to dismiss. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9.

{¶ 15} The magistrate has set forth correct findings of fact, but we reject the conclusions of law. Relator failed to strictly comply with the affidavit requirements of R.C. 2969.25(A) by failing to include all civil actions filed in the previous five years, and this warrants dismissal of the action.

{¶ 16} Further, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint due to the failure to comply with the filing requirements contained in R.C. 2969.25(A). Therefore, since relator failed to strictly comply with the affidavit requirements of R.C. 2969.25(A), this mandamus action warrants dismissal.

## IV. Conclusion

{¶ 17} After conducting a review of the magistrate's decision and an independent review of the record, we find the magistrate properly applied the law to the facts but reject the conclusions of law. Accordingly, we overrule relator's objections, and find relator's motions filed February 27, 2023 for statutory damages, March 31, 2023 to concede the truth, and October 23, 2023 for leave to file are moot. Respondent's motion to dismiss filed March 16, 2023 is granted. We adopt the magistrate's findings of fact, but do not adopt the magistrate's conclusions of law. Substituting our own legal analysis set forth above, we find that relator's R.C. 2969.25(A) affidavit is deficient, and grant ODRC's motion to dismiss. Relator's petition for writ of mandamus is hereby dismissed.

*Objections overruled*;
*motion to dismiss is granted*;
*writ of mandamus dismissed*.

MENTEL, P.J., and BEATTY BLUNT, J., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prince Charles Cotten, Sr., | : | |
| Relator, | : | |
| v. | : | No.  23AP-100 |
| Annette Chambers-Smith, Director, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 17, 2023

---

*Prince Charles Cotten*, *Sr.*, pro se.

*Dave Yost*, Attorney General, and *John H. Bates*, for respondent.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 18} Relator, Prince Charles Cotten, Sr., has filed this original action seeking a writ of mandamus against respondent, Annette Chambers-Smith, in her capacity as director of the Ohio Department of Rehabilitation and Correction ("ODRC").

**I. Findings of Fact**

{¶ 19} 1. At the time of the filing of this mandamus action, relator was an inmate being held at the Marion Correctional Institution ("MCI") in Marion, Ohio.

{¶ 20} 2. Respondent Annette Chambers-Smith is the director of ODRC, a state governmental agency responsible for, among other duties, operating Ohio's prison system.

{¶ 21} 3. On February 13, 2023, relator filed in the instant case a complaint seeking a writ of mandamus.

{¶ 22} 4. In his complaint, relator alleges the following:

> The relator personally spoke with [respondent] in front of his living quarte[r]s * * * within Marion Correctional Facility and personally delivery to her his claims of no valid certified sentencing entry authorizing his detention at MCI. The [respondent's] response was in the presence of Warden Hill, that without a valid certified sentencing entry, they could not houses relator at Marion Correctional Institution—it would be unauthorized. Moreover, relator also sent her another copy of his letter to her by and through her staff plus electronically sent kites to BOSC several different times, but to no avail. Therefore, based on [R.C.] 149.43(C)(1) and (C)(2) the [respondent] will incur for any unnecessary statutory damages in the amount of about 1 hundred dollars ($100.00) dollars a day, for which is ever prayed. Therefore, a writ of mandamus pursuant to [R.C.] 149.43 etc., should be sustained and granted, when relator is being held without law, as prayed fore.

(Sic passim and emphasis removed.) (Compl. at 4-5.)

{¶ 23} 5. Relator asserts in his complaint that he has "a clear legal right to the requested relief sought for a copy of a valid certified sentencing entry… after the repeal of the statutes after the United States Supreme Court ruled Ohio's statutes [R.C.] 2929.03 and [R.C.] 2929.04 was 'unconstitutional!' no law at all because, [R.C.] 2929.03 and [R.C.] 2929.04 statutes did not permit type of individual consideration of mitigating factor required by Eighth and Fourteenth Amendment in capital cases." (Sic passim and emphasis removed.) (Compl. at 3.) Relator further asserts respondent has "a clear legal duty to perform the requested act as sought, by producing a valid certified sentencing entry authorizing [respondent] to legally continue to detain relator in Ohio's prison, under statutes ruled unconstitutional and repeal as a matter of federal/state law." (Sic passim and emphasis removed.) (Compl. at 3-4.) Relator also asserts he lacks a plain and adequate remedy at law. (Compl. at 4.)

{¶ 24} 6. Relator states the following in the conclusion of his complaint:

> Based on the relator's substantive and procedural rights to a fair/neutral tribunal. The relator's writ of mandamus pursuant to [R.C.] 149.43 etc., should be accepted in good

faith, well taken, and considered in a manner prescribed by federal/state constitutional and statutory rights, not to be detained without a valid certified sentencing entry nor held under a statute or statutes [R.C.] 2929.03 / [R.C.] 2929.04 that was declared "unconstitutional!!!" by the United States Supreme Court, and "repealed!!!" by Ohio General Assembly as addressed at number 3 exhibit, no law at all, for which is ever "prayed!!!" (Compl. at 6-7.)

{¶ 25} 7. Relator filed a motion for statutory damages pursuant to R.C. 149.43 on February 27, 2023.

{¶ 26} 8. On March 16, 2023, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 27} 9. On March 31, 2023, relator filed a motion captioned: "motion to concede to the truth pursuant to R.C. 2921.11."

{¶ 28} 10. On April 11, 2023, relator filed a memorandum in opposition to respondent's motion to dismiss.

## II. Discussion and Conclusions of Law

{¶ 29} In his complaint, relator invokes R.C. 149.43 in seeking a writ of mandamus ordering respondent to provide him with the certified sentencing entry that authorizes his detention at MCI.

### A. Inmate Filing Requirements

{¶ 30} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply warrants dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1. Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

(1) A brief description of the nature of the civil action or appeal;

> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5.

{¶ 31} In *State ex rel. Kimbro v. Glavas*, 97 Ohio St.3d 197, 2002-Ohio-5808, the Supreme Court of Ohio concluded that the description of a case as an "appeal of a 'civil petition' " was insufficient to comply with R.C. 2969.25(A)(1). *Id*. at ¶ 2. Here, relator attached an affidavit purportedly detailing prior civil actions and appeals. Review of the affidavit reveals that it is facially noncompliant with the requirements of R.C. 2969.25(A). In five of the listed actions, relator provides "Civil Complaint" as the only description of the nature of the civil action or appeal. This description fails to comply with the statutory requirement to provide a "brief description of the *nature* of the civil action or appeal." (Emphasis added.) R.C. 2969.25(A)(1). *See State ex rel. Bey v. [Ohio] Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 10; *State ex rel. Ware v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-511, 2020-Ohio-594, ¶ 6; *Kimbro* at 2.

{¶ 32} Substantial compliance with the requirements of R.C. 2969.25(A) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4. Nor can a deficiency in compliance with R.C. 2969.25 be cured at a later date. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"). Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint due to the failure to comply with the inmate filing requirements contained in R.C. 2969.25(A). *State ex rel. Bey v. Bur. of Sentence*

*Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8. Therefore, because relator has failed to comply with the requirements of R.C. 2969.25(A), this mandamus action must be dismissed.[1]

**B. Conclusion**

{¶ 33} Accordingly, it is the decision and recommendation of the magistrate that relator's complaint should be sua sponte dismissed and the requested writ denied. The following motions are rendered moot: relator's February 27, 2023 motion for statutory damages pursuant to R.C. 149.43, respondent's March 16, 2023 motion to dismiss, and relator's March 31, 2023 "motion to concede to the truth pursuant to R.C. 2921.11."

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.

---

[1] An action for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C. 2731.04. Where a "respondent in a mandamus action raises this R.C. 2731.04 defect [for not bringing the action in the name of the state on the relation of the person applying] and relators fail to seek leave to amend their complaint to comply with R.C. 2731.04, the mandamus action must be dismissed." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 36. *See Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 15; *Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.*, 10th Dist. No. 20AP-354, 2022-Ohio-24, ¶ 10. Although not determinative due to dismissal on other grounds, it is noted that relator filed his complaint in the instant case in his own name, as opposed to in the name of the state on his relation.