**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Turner v. Kelsey*, **Slip Opinion No. 2024-Ohio-1506.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1506

TURNER, APPELLANT, *v*. KELSEY, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Turner v. Kelsey*, Slip Opinion No. 2024-Ohio-1506.]**

*Prohibition—Appellant has made no argument demonstrating error in court of appeals' rationale for dismissing his complaint—Judgment affirmed.*

(No. 2023-1225—Submitted March 26, 2024—Decided April 24, 2024.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 112820, 2023-Ohio-2881.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeffery F. Turner Sr., appeals the Eighth District Court of Appeals' sua sponte dismissal of his complaint for a writ of prohibition against appellees, Judge Reeve W. Kelsey, a visiting judge sitting by assignment in the Domestic Relations Division of the Cuyahoga County Court of Common Pleas, and Nina L. Turner ("Nina"), who is the plaintiff in a divorce action against Jeffery. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**{¶ 2}** In June 2023, Turner filed a pro se complaint for a writ of prohibition in the court of appeals. The complaint's caption indicates that the prohibition claim relates to Cuyahoga County Domestic Relations case No. DR-388761, which is pending before Judge Kelsey. Turner alleged that "there were two or more hearings" in October and November 2022 to which he "was not invited" and that he did not attend. In addition, Turner listed ten civil cases that purportedly "clarify and address many of [the] escapades" taking place in case No. DR-388761, and he alleged that five of those cases were proceeding "in a manner that can only be defined as concealment." Turner did not elaborate on what he meant by "concealment," nor did he specify what is alleged or at issue in any of the ten civil cases he listed. Turner's complaint asked the court of appeals to grant a writ of prohibition and to find that Nina, Judge Kelsey, and others had engaged in acts establishing his entitlement to the writ.

**{¶ 3}** The court of appeals sua sponte dismissed Turner's complaint. First, it noted that the complaint was unsigned and therefore subject to being stricken as "sham and false" under Civ.R. 11. Second, it found the complaint subject to dismissal because Turner had neither paid the fee for filing an original action nor filed an affidavit of indigency as required by Loc.App.R. 45(C) of the Eighth District Court of Appeals. Finally, the court stated that it could not determine the relief Turner was seeking because the complaint failed to address any elements required to obtain a writ of prohibition. For example, the court noted that Turner did not identify what power Judge Kelsey allegedly had exercised that was beyond his judicial authority. And as to Nina, who is not a judicial officer, the court noted that no prohibition claim could lie.

**{¶ 4}** The court of appeals therefore dismissed Turner's complaint and deemed it frivolous. The court also declared Turner to be a vexatious litigator under

the Eighth District's Loc.App.R. 23, citing other frivolous actions he had filed in the Eighth District. Turner appealed to this court as of right.

## ANALYSIS

{¶ 5} We review de novo a court of appeals' dismissal of a complaint for a writ of prohibition. *State ex rel. Justice v. State*, 172 Ohio St.3d 270, 2023-Ohio-760, 223 N.E.3d 414, ¶ 9. To be entitled to a writ of prohibition, Turner must establish (1) that Judge Kelsey and Nina are about to exercise or have exercised judicial power, (2) that the exercise of that power is unauthorized by law, and (3) either that jurisdiction is patently and unambiguously absent or that denial of the writ would result in injury for which no adequate remedy exists in the ordinary course of law. *State ex rel. Jones v. Paschke*, 168 Ohio St.3d 93, 2022-Ohio-2427, 195 N.E.3d 1031, ¶ 6.

{¶ 6} In this appeal, Turner does not argue that the court of appeals erred in dismissing his complaint for noncompliance with Civ.R. 11 or Loc.App.R. 45(C). Nor does Turner argue that the court erred in determining that his complaint failed to state a valid claim for relief in prohibition against either Judge Kelsey or Nina. Rather, Turner devotes his merit brief to errors allegedly made by a domestic-relations-court magistrate at a hearing held in July 2023, which are issues that the court of appeals never reached. Because Turner has made no argument demonstrating error in the rationale for dismissal specified by the court of appeals, he has failed to establish an error that would entitle him to reversal of the judgment below. *See State ex rel. Pointer v. Ohio Adult Parole Auth.*, 170 Ohio St.3d 96, 2022-Ohio-3261, 209 N.E.3d 611, ¶ 9. We therefore affirm the court of appeals' judgment without reaching any other issues raised here. *See id.*

## CONCLUSION

{¶ 7} Turner has not demonstrated any error in the court of appeals' dismissal of his prohibition complaint. We therefore affirm the judgment of the Eighth District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Jeffery F. Turner Sr., pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorney, for appellee Judge Reeve W. Kelsey.

_____