[Cite as *Howard v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-1948.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jeffery L. Howard,                :

       Plaintiff-Appellant,       :           No. 23AP-589
                                                 (C.P.C. No. 23CV-4784)

v.                                  :

[Ohio Department of Rehabilitation and    :        (REGULAR CALENDAR)
Correction] et al.,

                                         :

       Defendants-Appellees.      :

                                         :

D E C I S I O N

Rendered on May 21, 2024

**On brief:** *Jeffery L. Howard*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *George Horvath*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Plaintiff-appellant, Jeffery L. Howard, appeals from a judgment of the Franklin County Court of Common Pleas, dismissing his complaint against the defendant-appellee, Ohio Department of Rehabilitation and Correction ("DRC"), for failure to comply with R.C. 2969.25(C)(1). For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 6, 2023, appellant, an inmate in the custody of DRC, filed a complaint against DRC and several DRC employees alleging statutory and administrative violations. The complaint also claims DRC negligently supervised and retained certain correction officers who repeatedly violated his constitutional rights. The complaint seeks a declaratory judgment, injunctive relief, and "monetary damages against [DRC], and its

agents/employees, in their personal capacity, for first amendment violations and retaliation." (Compl. at 1.)

{¶ 3} On August 4, 2023, DRC filed a motion to dismiss the complaint for failure to state a claim for relief and a lack of subject-matter jurisdiction. On September 4, 2023, the trial court issued an "Entry & Order," dismissing appellant's complaint. In dismissing appellant's complaint, the trial court made the following ruling:

> Plaintiff asserts claims against the Ohio Department of Rehabilitation and Correction ("ODRC"), as well as several employees of ODRC. Upon review, the Court finds that Plaintiff failed to comply with R.C. 2969.25(C)(1). Instead of a statement setting forth the balance in the inmate account for each of the preceding six months, Plaintiff submitted a summary that includes only the balance as of June 8, 2023. This filing is insufficient. [*State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St.3d 314, 2020-Ohio-408, ¶ 6].

(Sept. 4, 2023 Entry & Order at 2.)

{¶ 4} The trial court did not specify whether dismissal was granted pursuant to Civ.R. 12(B)(1) or Civ.R. 12(B)(6). Appellant timely appealed to this court from the September 4, 2023 judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant assigns the following as trial court errors:

> 1. The trial court erred in declaring Appellant-Plaintiff's civil action was a final appealable order, thus preventing the re-filing of the complaint.
>
> 2. The trial court erred dismissing Appellant-Plaintiff's civil action because of the cashier's refusal to complete the six month financial statement form required by R.C. 2969.25.

## III. STANDARD OF REVIEW

{¶ 6} A motion to dismiss filed, pursuant to Civ.R. 12(B)(6), tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. The dismissal may be affirmed only when there is no set of facts under which the nonmoving party could recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. "An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) using a de novo standard." *Russell v. Ohio Dept. of Rehab. &*

*Corr.*, 10th Dist. No. 22AP-518, 2023-Ohio-497, ¶ 6, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12.

{¶ 7} "A court presented with a motion to dismiss for lack of subject-matter jurisdiction must determine whether the complaint states any cause of action cognizable by the forum." *Gipson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 23AP-291, 2024-Ohio-226, ¶ 11, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989), and *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 21. "Subject-matter jurisdiction is ' "a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." ' " *Id.*, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11, quoting *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998); *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, ¶ 8. "A de novo standard of review is employed when reviewing a judgment on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction." *Id.* at ¶ 10.

## IV. LEGAL ANALYSIS

### A. Appellant's Second Assignment of Error

{¶ 8} Because our resolution of appellant's second assignment of error is dispositive of this appeal, we shall consider it first. In appellant's second assignment of error, appellant contends the trial court erred in dismissing his civil action because he failed to strictly comply with requirements of R.C. 2969.25(C). We disagree.

{¶ 9} R.C. 2969.25(C)(1) and (2) provides in relevant part:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) *A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;*
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

(Emphasis added.)

{¶ 10} The Supreme Court of Ohio has stated: "It is well settled that ' "[t]he requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." ' " *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, quoting *State ex rel. Ridenour v. Brunsman*, 117 Ohio St.3d 260, 2008-Ohio-854, ¶ 5, quoting *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, ¶ 5. This court has also noted that "R.C. 2969.25 requires strict compliance." *State ex rel. Walker v. Bolin*, 10th Dist. No. 23AP-156, 2024-Ohio-20, ¶ 15, citing *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. R.C. 2969.25 does not allow for substantial compliance. *Manns* at ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002 Ohio App. LEXIS 1568 (Apr. 9, 2022).

{¶ 11} Moreover, a failure to comply with R.C. 2969.25 upon filing of a complaint cannot be cured by amendment. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9. The Supreme Court has consistently affirmed dismissals of inmate actions when the inmate had failed to submit the account statement required by R.C. 2969.25(C)(1). *State ex rel. Roden v. Ohio Dept. of Rehab. & Corr.*, 159 Ohio St. 3d 314, 2020-Ohio-408, ¶ 8, citing *State ex rel. Muhammad v. State*, 10th Dist. No. 11AP-892, 2012 Ohio App. LEXIS 1950, *3 (May 17, 2012), *aff'd*, 133 Ohio St.3d 508 (2012), and *Rogers v. Eppinger*, 154 Ohio St.3d 189, 2018-Ohio-4058, ¶ 12.

{¶ 12} Here, appellant failed to file a cashier's statement containing all information required by R.C. 2969.25. He did not file a statement of his inmate account that sets forth the balance in the account for each of the preceding six months, as certified by the institutional cashier. Instead, using form DRC 2257 E (08/97) ("form DRC 2257"), the institutional cashier provided the following information: "Account Balance as of 06/08/2023"; "Total state pay credited for the report period"; "Average monthly state pay for the report period"; "Total funds received from all sources, excluding state pay, for the report period"; and "Total amount spent in inmate's commissary during the same period." None of the totals listed on the form indicate the balance in appellant's inmate account for each of the preceding six months.

{¶ 13} In *Bolin*, this court recently dismissed a mandamus action filed by an inmate due to the inmate's failure to comply with R.C. 2969.25(C)(1). In that case, the inmate,

Bolin, filed form DRC 2257 with his complaint. A magistrate of this court recommended dismissal. In opposition to DRC's motion to dismiss, Bolin argued he requested form 10.01 from the institutional cashier but the institutional cashier, without his knowledge, substituted form DRC 2257.[1] Accordingly, Bolin sought leave from this court to file a new compliant affidavit. In dismissing Bolin's complaint, we made the following observation about Bolin's argument and his request for leave:

> If true, relator's argument is curious, if not concerning. The form 10.01 relator submitted to the cashier appears compliant with R.C. 2969.25(C), while form DRC 2257 the cashier unilaterally substituted for form 10.01 is not. Notwithstanding, the burden was on relator to submit a cashier's statement compliant with R.C. 2969.25(C). He failed to do so, regardless of the reason for his failure. Furthermore, as explained above, relator's failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. Thus, at this juncture, the court cannot grant relator leave to submit the proper form. Relator's remedy may be in another mandamus action.

*Bolin* at ¶ 18.

{¶ 14} In this case, appellant argues that he requested a "six month financial statement" from the institutional cashier, but the cashier did not provide him the statement he requested. Appellant also maintains the statement the cashier provided was unlike the cashier's statements he previously received in connection with other civil cases he filed in federal and state court. Instead, the cashier provided him with the form he submitted with his complaint.

{¶ 15} As we stated in *Bolin*, the burden was on appellant to submit a cashier's statement that complied with R.C. 2969.25(C). Because he failed to do so, regardless of the reason, the trial court was compelled to dismiss his complaint. Additionally, a failure to comply with the affidavit requirements of R.C. 2969.25 upon filing the complaint cannot be cured by the subsequent submission of a compliant affidavit.

---

[1] In opposition to DRC's motion to dismiss, Bolin submitted a blank copy of form 10.01 which provides a space "for the cashier to indicate the total balance for 'Month one,' 'Month two,' 'Month three,' 'Month four,' 'Month five,' and 'Month six.' " *Bolin* at ¶ 17. Bolin also attached a copy of an email from his institutional cashier, allegedly to other Ohio institutional cashiers, indicating that "DRC Legal" and "Central office" have determined that form DRC 2257 is the affidavit of indigency and six-month demand statement that will be officially used, and the counties will accept this form. *Id.*

**{¶ 16}** It is worth noting we decided *Bolin* on January 4, 2024, after appellant filed his complaint in this case. Thus, it is permissible to conclude DRC was unaware form DRC 2257 did not comply with R.C. 2969.25(C)(1). Because DRC is now on notice that form DRC 2257 is noncompliant, appellant's remedy is to obtain a new cashier's statement that complies with R.C. 2969.25(C)(1) and refile his complaint.[2] This court has recently issued two other decisions finding form DRC 2257 noncompliant with R.C. 2969.25(C)(1). *See Morris v. Keith*, 10th Dist. No. 23AP-150, 2024-Ohio-1143, and *State ex rel. Stone v. Ohio Adult Parole Auth.*, 10th Dist. No. 23AP-626, 2024-Ohio-1379, ¶ 14.

**{¶ 17}** For the foregoing reasons, we hold that the trial court did not err when it dismissed appellant's complaint. Appellant's second assignment of error is overruled.

### B. First Assignment of Error

**{¶ 18}** In appellant's first assignment of error, appellant argues the trial court erred by issuing a final appealable order in this case rather than allowing appellant to amend his complaint. As explained above, however, the defect in appellant's affidavit cannot be cured by amendment. *Bolin* at ¶ 18, *Young* at ¶ 9. Accordingly, appellant's first assignment of error is overruled.

## V. CONCLUSION

**{¶ 19}** Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and BOGGS, JJ., concur.

———————————

[2] We note that the complaint purports to state a claim for monetary relief against the State of Ohio based upon DRC's alleged negligent supervision and retention of certain corrections officers. We also note that the record in this case contains a copy of a connected action statement filed in the Court of Claims of Ohio indicating a similar complaint against DRC was filed in Court of Claims case No. 2023-00445JD. Having determined that the trial court did not err by dismissing the complaint due to appellant's failure to comply with R.C. 2969.25(C)(1), we shall not address the question of jurisdiction as to any refiled complaint.