[Cite as *Cotten v. Chambers-Smith*, 2025-Ohio-1798.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prince Charles Cotten, Sr., | : | |
| Relator-Appellant, | : | |
| | : | No. 24AP-702 |
| v. | : | (C.P.C. No. 24CV-6991) |
| Annette Chambers-Smith, Director, [Ohio Department of Rehabilitation and Correction], | : | (REGULAR CALENDAR) |
| | : | |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on May 20, 2025

**On brief:** *Prince Charles Cotten*, *Sr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, *George Horvath*, and *Marcy Vonderwell*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Relator-appellant, Prince Charles Cotten, Sr., appeals from a judgment of the Franklin County Court of Common Pleas granting a motion to dismiss filed by respondent-appellee, Annette Chambers-Smith, in her capacity as director of the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we reverse and remand for further proceedings.

## I. Facts and Procedural History

{¶ 2} On September 10, 2024, Cotten filed a complaint captioned as "Peremptory Writ of Quo Warranto and Motion to Vacate a Void Judgment with Prejudice." (Compl. at 1.) The claims in the complaint appeared to relate to Cotten's underlying criminal

convictions and sentences, and Cotten sought an order requiring his immediate release from prison. Along with the complaint, Cotten filed an affidavit of indigency asserting he lacked sufficient funds to pay the filing fee and other court costs. ODRC moved to dismiss the complaint pursuant to Civ.R. 12(B)(1) and (6) on October 14, 2024, asserting that Cotten failed to comply with the requirements of R.C. 2969.25(A) because he did not file an affidavit of prior civil actions or appeals at the time he filed his complaint. ODRC also asserted that Cotten's affidavit of indigency did not comply with the requirements of R.C. 2969.25(C).

{¶ 3} On October 31, 2024, the trial court issued a judgment granting ODRC's motion to dismiss, concluding that Cotten failed to comply with the mandatory filing requirements of R.C. 2969.25(A) because he did not file an affidavit setting forth his prior civil actions and appeals.

## II. Assignments of Error

{¶ 4} Cotten appeals and assigns the following five assignments of error for our review:

> I. THE COURT WAS IN ERROR AND THE APPELLANT WAS JUDICIALLY PREHUDICE. WHEN THE COURT WENT ON LINE TO REVIEW WHO THE APPELANT WAS. WAS BIAS. WHEN THE COURT RUSHED TO MAKE A DECISION BEFORE RECEIVING APPELLANT'S OPPOSITION TO ATTORNEY, GEORGE HORVATH'S DECEITFUL MOTION TO DISMISS.
>
> II. THE COURT WAS IN ERROR AND THE APPELLANT WAS JUDICIALLY PREJUDICE. WHEN THE COURT RULED THAT APPELLANT DID NOT OPPOSED THIS FRAUDULENT AND PREJUDICIAL MOTION TO THE ADMINISTRATION OF JUSTICE.
>
> III. THE COURT WAS IN ERROR AND THE APPELLANT WAS JUDICIALLY PREJUDICE. WHEN THE COURT KNEW OR SHOULD HAVE KNOWN, THAT ATTORNEY, GEORGE HORVATH'S MOTION TO DISMISS WAS FALSE AND MISLEADING, CLAIMING NONE COMPLAINCE WITH §2969.25(A)/(C).
>
> IV. THE COURT WAS IN ERROE AND THE APPELLANT WAS JUDICIALLY PREJUDICE. WHEN THE COURT KNEW OR SHOULD HAVE KNOWN, THAT ATTORNEY,

GEORGE HORVATH'S MOTION TO DISMISS INVOLVES JUDICIAL DISHONESTY.

V. THE COURT WAS IN ERROR AND THE APPELLANT WAS JUDICIALLY PREJUDICE. WHEN THE COURT KNEW OR SHOULD HAVE KNOWN, THAT THE UNITED STATES SUPREME COURT'S DECISION IS THE FINAL COURT'S DECISION WAS PARAMOUNT IN THIS CASE IN CHIEF.

(Sic passim.)

### III. Discussion

{¶ 5} We begin with Cotten's second assignment of error, in which he asserts the trial court erred by granting ODRC's motion to dismiss because he complied with the requirements of R.C. 2969.25. Cotten argues that the record should reflect he filed an affidavit of civil actions and appeals at the time he filed his complaint, as required by R.C. 2969.25(A). ODRC asserts Cotten did not file an affidavit of prior actions at the time he filed his complaint. ODRC argues Cotten has filed multiple civil actions and appeals in the past five years, citing state and federal court dockets available via the internet.

{¶ 6} ODRC moved to dismiss the complaint under both Civ.R. 12(B)(1), for lack of subject-matter jurisdiction, and Civ.R. 12(B)(6), for failure to state a claim upon which relief could be granted. The trial court dismissed the complaint for failure to comply with R.C. 2969.25(A), but did not specify whether it was a dismissal for lack of subject-matter jurisdiction or for failure to state a claim upon which relief could be granted. Dismissal on either basis is subject to de novo review and that is the standard we apply in reviewing the trial court's order. *See Howard v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-1948, ¶ 6-7 (10th Dist.).

{¶ 7} Under R.C. 2969.25(A), "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The affidavit must include a brief description of the nature of the civil action or appeal, the case name, case number, and the court in which it was brought, the name of each party to the

civil action or appeal, and the outcome of the civil action or appeal.  R.C. 2969.25(A)(1) through (4).

{¶ 8}  The requirements of R.C. 2969.25 are mandatory and a complaint may be dismissed for failure to comply with those requirements. *State ex rel. Watkins v. Andrews*, 2015-Ohio-1100, ¶ 7.  Failure to comply with the mandatory requirements of R.C. 2969.25 at the time of filing cannot be cured by amendment.  *Id.* at ¶ 8; *Howard* at ¶ 11.  The trial court concluded Cotten had not complied with R.C. 2969.25(A) because he had not filed an affidavit of prior civil actions or appeals at the time he filed his complaint.[1]

{¶ 9}  The record transmitted to this court reflects that Cotten filed an affidavit of indigency at the time he filed his complaint on September 10, 2024, but the record does not include an affidavit of prior civil actions and appeals filed on that date.  Thus, on its face, the record appears to support the trial court's conclusion that Cotten failed to comply with the mandatory requirements of R.C. 2969.25(A).  However, on December 4, 2024, after the trial court issued the dismissal order, Cotten filed several motions and documents, including a motion to reconsider and a memorandum in opposition to the motion to dismiss.  Along with those motions Cotten filed a set of documents labeled as exhibits; included within the exhibits is a four-page "Sworn Affidavit of Civil Actions and/or Appeals" that appears to have a header indicating it was filed with the Franklin County Clerk of Court of Common Pleas on September 10, 2024 at 3:45 p.m. in Franklin C.P. No. 24CV-6991. That is consistent with the date, time, and case number under which the complaint and affidavit of indigency were filed.  The "Sworn Affidavit of Civil Actions and/or Appeals" also contains a notary's jurat establishing that it was signed on July 29, 2024, which was the same date set forth in the certificate of service of Cotten's complaint and the same date contained in the notary's jurat on the affidavit of indigency filed with the complaint.  Cotten also attached a copy of the "Sworn Affidavit of Civil Actions and/or Appeals" containing the header as an exhibit to his reply brief on appeal.  If it is authentic, this document could refute the trial court's conclusion that Cotten failed to comply with the requirements of

---

[1] ODRC also moved to dismiss based on failure to comply with the requirements of R.C. 2969.25(C), related to the affidavit of indigency. Because the trial court did not reach a conclusion regarding compliance with R.C. 2969.25(C), we will not address that issue in the first instance.

R.C. 2969.25(A). Because it does not appear in the trial court record, the trial court did not consider the document before dismissing the complaint.[2]

{¶ 10} Under these unique circumstances, we find it appropriate to remand this matter to the trial court so that it may consider and evaluate the purported "Sworn Affidavit of Civil Actions and/or Appeals" and resolve any questions regarding its authenticity, including whether it was received and filed by the Franklin County Clerk of Courts on September 10, 2024. Accordingly, we sustain Cotten's second assignment of error to the extent it asserts the trial court erred by dismissing his complaint for failure to comply with R.C. 2969.25(A).[3] On remand, the trial court is instructed to review and evaluate the "Sworn Affidavit of Civil Actions and/or Appeals" and determine whether it establishes compliance with R.C. 2969.25(A).

{¶ 11} Having concluded that the second assignment of error requires reversal and remand for further proceedings, Cotten's remaining four assignments of error are rendered moot.

## IV. Conclusion

{¶ 12} For the foregoing reasons, we sustain Cotten's second assignment of error and his first, third, fourth, and fifth assignments of error are rendered moot. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

BOGGS and LELAND, JJ., concur.

_____

[2] If authentic, the document would also present questions regarding why it was not part of the record at the time the trial court considered ODRC's motion or as transmitted to this court.

[3] Cotten's second assignment of error appears to suggest that ODRC's attorney and the trial court acted fraudulently with respect to the motion to dismiss; we reach no conclusion as to any assertion of fraud implicit in Cotten's second assignment of error.